UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

CARMELO RIVERA,

                         Petitioner,                         **ORDER**

           -against-                                    22 Civ. 3794 (NSR) (AEK)

SUPERINTENDENT LILLEY,

                         Respondent.
---------------------------------------------------------------X

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**[1]

      *Pro se* Petitioner Carmelo Rivera filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on May 6, 2022 (the "Petition"), asserting that his trial counsel was ineffective. *See* ECF No. 1 at 5. Currently before the Court is Petitioner's application for the Court to appoint *pro bono* counsel, which was received and docketed on June 17, 2022, and which the Court construes as a motion made pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A(a)(2)(B) (the "CJA").[2] *See* ECF No. 9. For the reasons stated below, Petitioner's application is DENIED WITHOUT PREJUDICE.

### LEGAL STANDARDS

      Unlike criminal defendants, litigants in habeas corpus proceedings have no constitutional right to counsel. *Wright v. West*, 505 U.S. 277, 293 (1992); *McCray v. Royce*, No. 20-cv-4127 (KPF) (KHP), 2020 WL 8669830, at *1 (S.D.N.Y. July 29, 2020).[3] Under the CJA, however,

---

[1] The Honorable Nelson S. Román referred this matter to the undersigned on June 21, 2022. ECF No. 12.

[2] Because Petitioner is not proceeding *in forma pauperis* ("IFP"), the application cannot be construed as having been made pursuant to 28 U.S.C. § 1915(e).

[3] In accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) and Local Civil Rule 7.2 of the Local Rules of the United States District Courts for the Southern and Eastern Districts

courts have the authority to appoint counsel for "any person financially unable to obtain adequate representation" when "the interests of justice so require." 18 U.S.C. §§ 3006A(a), (a)(2)(B) ("representation *may* be provided for any financially eligible person who . . . is seeking relief under section 2241, 2254, or 2255 of title 28" (emphasis added)); *see Maldonado v. N.Y. State Parole Cmty. Supervision*, No. 22-cv-4839 (LTS), 2022 WL 17417279, at *3 (S.D.N.Y. Dec. 5, 2022). "In deciding whether to exercise its discretion to appoint counsel under the CJA, courts in this circuit consider the same factors as those applicable to requests for *pro bono* counsel made by civil litigants." *Maldonado*, 2022 WL 17417279, at *3; *accord Mack v. Collado*, No. 21-cv-8541 (KMK) (PED), 2022 WL 515690, at *1 (S.D.N.Y. Jan. 11, 2022) (citing *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989)); *Hall v. Le Claire*, No. 10-cv-3877 (LAP) (KNF), 2013 WL 12497377, at *2 (S.D.N.Y. Sept. 6, 2013).

Thus, in ruling on this application, the Court considers the factors set forth in *Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986), the case that provides the standard that courts in this Circuit use to determine whether appointment of counsel in a civil matter is appropriate. Under this standard, a court must first determine "whether the indigent's position seems likely to be of substance." *Id.* at 61. If an application meets this threshold requirement, the district court must further consider the petitioner's ability and efforts to obtain counsel, as well as "his [or her] ability to handle the case without assistance in [] light of the required factual investigation, the complexity of the legal issues, and the need for expertly conducted cross-examination to test veracity." *Cooper*, 877 F.2d at 172; *see Hodge*, 802 F.2d at 61-62.

---

of New York, copies of this case and other cases that are unpublished or only available by electronic database are being simultaneously mailed to the *pro se* Petitioner along with this Order.

## APPLICATION

Before the Court can determine whether the interests of justice require appointing counsel in this case, Petitioner must show that he is "financially unable to obtain adequate representation." *See* 18 U.S.C. § 3006A(a); *Williams v. Smith*, No. 20-cv-2167 (PMH) (LMS), 2020 WL 8620031, at *1 (S.D.N.Y. Sept. 24, 2020). Petitioner has not formally requested to proceed IFP in this case (*i.e.*, without the prepayment of fees), and instead, paid the filing fee of $5.00, which was processed on May 20, 2022. Moreover, nowhere in his application or elsewhere in the record has Petitioner provided any information about his financial situation. The Court therefore has insufficient information at this time to determine whether Petitioner is financially eligible for court-requested counsel.

Even assuming Petitioner could make the requisite financial showing, he has not satisfied the *Hodge* factors. First, the Court does not have a sufficient basis to conclude at this point that Petitioner's claims "ha[ve] substantial merit." *Garcia v. USICE (Dep't of Homeland Sec.)*, 669 F.3d 91, 98 (2d Cir. 2011). The Antiterrorism and Effective Death Penalty Act ("AEDPA") sets a strict standard of review for Federal courts reviewing the decisions of State courts: if an application for a writ of habeas corpus is to succeed, the State court proceeding must have resulted in "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law," or "a decision based on unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §§ 2254(d)(1)-(2). In addition, a determination of a factual issue made by a State court is presumed to be correct. 28 U.S.C. § 2254(e)(1). While this Court makes no final determination regarding the merits of the Petition at this time, the Court has conducted a preliminary review of the parties' submissions for purposes of resolving the request for appointment of counsel. Based on this initial review,

3

Petitioner's claims do not appear to satisfy the stringent requirements required to obtain habeas relief under AEDPA, and the Court cannot conclude at this time that Petitioner has made a threshold showing that his claims have substantial merit.

Moreover, the Court cannot conclude that the remaining *Hodge* factors weigh in favor of Petitioner's request. Although Petitioner made a limited showing as to the second *Hodge* factor—his "ability and efforts to obtain counsel," *see* ECF No. 9 at 2 (explaining that Petitioner "requested help" from two lawyers/law firms but received "no response")—he has not satisfied the third factor by demonstrating an inability to handle his case without assistance. To the contrary, Petitioner has shown in his filings that he is capable of engaging with the law and challenging his incarceration by arguing that he received ineffective assistance of counsel at trial. *See Maxwell v. New York Univ.*, 407 F. App'x 524, 528 (2d Cir. 2010) (summary order) ("the district court did not abuse its discretion in denying appointed counsel because [the plaintiff] had demonstrated an ability to file and respond to motions and otherwise to prosecute his action"). And further, it is not likely that an evidentiary hearing and/or cross-examination will be necessary in this habeas proceeding. *See Cooper*, 877 F.2d at 172. In sum, the Court has no reasons to believe Petitioner will be unable to proceed in this matter without the appointment of counsel.

## CONCLUSION

For the reasons stated above, Petitioner's application for the Court to request *pro bono* counsel is DENIED WITHOUT PREJUDICE. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 9.

Dated: March 21, 2023
White Plains, New York

**SO ORDERED.**

_____
ANDREW E. KRAUSE
United States Magistrate Judge

A copy of this Order has been mailed to the *pro se* Petitioner by Chambers at Petitioner's address of record on the docket.